[No. 2133]

## STATE OF NEVADA, EX REL. GEO. B. THATCHER, AS ATTORNEY-GENERAL, PETITIONER, *v.* GEORGE W. KEITH, RESPONDENT.

[142 Pac. 532]

1. ELECTIONS—REGISTRATION—DESIGNATION OF POLITICAL PARTY— RIGHT TO CHANGE.

    Under the election laws of 1913 (Stats. 1913, c. 284, subc. 3, sec. 18), relating to primary elections, and subchapter 2, secs. 4, 5, relating to registration, an elector who has registered, so as to be entitled to vote at a primary election, by designating his political party and having same entered on the registry, cannot subsequently require the registry agent to change such designation.

2. ELECTIONS—REGISTRATION—DESIGNATION OF POLITICAL PARTY.

    Under the election laws of 1913 (Stats. 1913, c. 284, subc. 3, sec. 18), relating to primary elections, and subchapter 2, secs. 4, 5, relating to registration, where an elector has registered, but has failed to indicate his politics or party designation, he may, prior to the time fixed for closing registration, apply to the registry agent and have an entry made on the registry of his politics or party designation so as to entitle him to vote at a primary election.

3. ELECTIONS—REGISTRATION—DESIGNATION OF POLITICS—"HERETO- FORE."

    As used in the election laws of 1913 (Stats. 1913, c. 284, subc. 3, sec. 18), providing that an elector shall not be entitled to vote at a primary election "unless he has heretofore designated to the registry agent his politics," the word "heretofore" relates to the time in which an elector may lawfully be registered for the primary election.

ORIGINAL PROCEEDING in prohibition by the State, on the relation of Geo. B. Thatcher, against George W. Keith.  **Writ granted** as to one of the two questions presented and denied as to the other.

*Geo. B. Thatcher*, Attorney-General, for Relator.

*W. W. Griffin*, for Respondent.

By the Court, NORCROSS, J.:

[1–2] This is an original proceeding in prohibition, and the petition presents two questions under the election laws:  First, can an elector who has registered so as to entitle him to vote at the primary election by designating and having entered upon the registry the politics or political party of such elector, subsequently apply to the registry agent and have changed the designation of his political party?  Second, can an elector who has registered and who has failed or refused to indicate his politics or party designation, prior to the time fixed for close of registration for the primary election, apply to the registry agent and have entered on the register his politics or party designation so as to entitle him to vote at the primary election?

Upon both questions above presented we are without precedent.  It is the contention of the attorney-general that they should be answered in the negative.  Counsel for respondent agrees with the attorney-general as to the first question, but contends that the second question should be answered in the affirmative.

Section 18 of "Chapter 3—Primary Elections" of the election laws of 1913 contains the provision: "No elector shall be entitled to vote at primary elections unless he has heretofore designated to the registry agents his politics or political party to which he belongs and has caused to be entered upon the register by such * * * agents his politics or the political party to which he belongs.  * * *"  (Stats. 1913, p. 521.)

Section 4 of "Chapter 2—Registration" of the same act

provides that the county commissioners "shall furnish to each registry agent a book which shall be known as the 'Official Register,' which shall be ruled in columns of suitable dimensions to provide for the following entries opposite the name of each elector, to wit:

"First—Number on the register.

"Second—Date of registry.

"Third—Name of elector.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Eleventh—Designating the politics or political party of the elector; *provided,* that said elector shall not be required to designate his politics or the political party to which he belongs and the registry agent shall not be required to enter the same on the registry unless said elector intends to vote at a primary election provided for by law; and in no event shall any elector, who has refused or failed to indicate his politics or the political party to which he belongs, as herein required, be entitled to vote at any primary election." (Stats. 1913, p. 495.)

Section 5 of the same chapter ("Registration") provides:

"It shall be the duty of the registry agents, at any time when called on to do so,  \*   \*   \*   to receive and register the names of all persons legally qualified and entitled to vote at such election,  \*   \*   \*   entering on the official register under the proper heading, the number and date of registry, the name,  \*   \*   \*   the age and nativity of the elector,  \*   \*   \*   and when the person so registered shall be of foreign birth, the fact of the exhibition of or failure to exhibit his certificate of naturalization shall be noted in the column provided for that purpose, which list, properly entered, as in this section required, shall be known as the 'Official Register' of elections of their respective townships;  \*   \*   \*   *provided, further,* that if any person shall fail or refuse to give his residence and the other information, with the particularity required in this section, he shall not be registered;  \*   \*   \* *and provided further,* that no person shall be deemed to be registered for the September primary election unless he shall have been so registered on or before the 20th day

of August next preceding the date of such election."
(Stats. 1913, p. 495.)

The powers and duties of a registry agent are matters
of statutory regulation entirely. (15 Cyc. 304.) There is
no provision in our election laws, such as exists in the
laws of California, specifically authorizing the registry
agent upon affidavit of the registered elector filed before
the close of registration to change the political designa-
tion of an elector or to make such designation where none
was given at the time of registration. (*Schostag* v. *Cator,*
151 Cal. 604, 91 Pac. 503, cited and quoted from in
*Riter* v. *Douglass,* 32 Nev. 436, 109 Pac. 444.)

The question came up in the Schostag case of the right
of an elector to change his political affiliation after the
close of registration for the primaries and to vote the
party primary ticket of another party than that which
the register showed him to be affiliated with. In denying
the right to so vote the court, speaking through Beatty,
C. J., said:

"It is contended that the test prescribed by section
1366A, Pol. Code, is unreasonable, because, with the close
of registration, the elector loses his right to change his
party allegiance in consequence of a change in his politi-
cal convictions, and is precluded from taking part in
the election of delegates to the convention of the party
with which on the day of the election his more matured
opinions would impel him to cast in his lot. This incon-
venience certainly does result from the provisions of the
act, but the legislature, which must be presumed to have
foreseen it, probably regarded such sudden conversions
during the short interval between the close of registration
and the date of the primary election as likely to be of
such rare occurrence as not to justify the omission of a
provision evidently designed to prevent unscrupulous
and mercenary electors from holding themselves free
down to the day of election to vote with any party, upon
any corrupt motive, for the purpose of influencing the
nomination of its candidates for public office, while with-
out any interest in their success, and perhaps with an
interest in their defeat. If it shall sometimes happen

that a conscientious voter is converted from one political faith to another between the close of registration and the primary election, he may console himself for the loss of his vote by the reflection that his loss is trifling in comparison to his share of the advantage to the state of which he is a citizen, flowing from a measure which tends to prevent a grave abuse, especially in those centers of population where the primary election law is made obligatory."

In *Stinson* v. *Sweeney,* 17 Nev. 309, 30 Pac. 997, it was held that the provisions of the registry law, when necessary to preserve the purity of elections, should be strictly pursued.

We think the reasons which support a holding that the registration agent is without power to change the political designation of an elector after he has once registered for the primary election do not necessarily apply in the case where an elector at the time of registration fails or refuses to give to the registry agent his party affiliation. The statute does not require the registry agent to make note of such failure or refusal. The elector is properly registered so as to entitle him to vote at the general election, but is not registered at all for the primary election. If, before the close of registration for the primary election, such elector should apply to the registry agent and request to be registered for such primary election, all that the registry agent would be required to do would be to enter in the column provided for that purpose, which theretofore remained blank, the party designation requested.

By section 4 of chapter 2, *supra,* the elector, at the time of registering, is not required to designate his politics or the political party to which he belongs, and the registry agent is not required to make any entry of political designation, where no such intent to vote is expressed. Section 5 of the same chapter authorizes registration of an elector, in order to vote at the primary election, to be made on or before the 20th day of August.

[3] Section 18 of chapter 3, *supra,* provides that the

elector shall not be entitled to vote at the primary election "unless he has heretofore designated to the registry agent his politics." The word "heretofore," as used in this section, relates to the time in which an elector may lawfully be registered for the primary election. If an elector registers for the general election, as he is authorized to do, on or before August 20, without designating his party affiliation, at the most, he may be said to have manifested only an intent not to vote at the primary election. Having the lawful right to vote at the primary election, for which he is not registered at all, we can see no reason why he may not, subsequently and before the primary registration closes, change his mind in so far as doing a specific act is concerned, to wit, vote at the primary election and notify the registry agent of his present intent to so vote, and request registration accordingly. The registry agent is not called upon, in such case, to change any entry theretofore made upon the register, as would be the case where an elector requested a change in his political designation, but simply to make an entry in the blank space in the register prepared for the purpose, showing the elector has qualified himself to vote at the primary. By making such an entry, as before stated, registration for the primary election is thus effected where before no registration for such election existed. Such a construction does no violence to the language of the statute, but is in accordance with its plain import.

From the argument of respondent's counsel, we assume that respondent does not contemplate making changes in the political designation of electors already registered for the primary election. However, as the demurrer admits the facts alleged in the petition, it will be ordered that a writ issue, upon application to the clerk therefor by the attorney-general, prohibiting respondent from changing the political designation of electors registered for the primary election.

As to the second question discussed in the opinion, the writ is denied.